**Below is the Order of the Court.**

Christopher M. Alston
**U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In Re:

MIGHTY-O CORP.,

Debtor

Case No:     24-11738-CMA

ORDER CONFIRMING PLAN

The amended plan under chapter 11 of the Bankruptcy Code filed by the Debtor Mighty-O Corp. on December 18, 2024, or a summary thereof, having been transmitted to creditors and equity security holders; and it having been determined after hearing on notice that the requirements for confirmation set forth in 11 USC §1191(b) have been satisfied;

IT IS ORDERED that the amended plan filed by Mighty-O Corp. on December 18, 2024 is confirmed. A copy of the confirmed plan is attached.

Order Confirming Plan - 1

**JAMES E. DICKMEYER, PC**
520 Kirkland Way  Suite 400
PO Box 2623
Kirkland, Washington  98083-2623
(425) 889-2324

Case 24-11738-CMA    Doc 107    Filed 12/30/24    Ent. 12/30/24 10:42:06    Pg. 1 of 26

/// End of Order ///

Presented By:

James E. Dickmeyer, PC


By  _/s/ James E. Dickmeyer_____
     James E. Dickmeyer  WSBA #14318
     520 Kirkland Way  Suite 400
     PO Box 2623
     Kirkland WA 98083-2623
     (425) 889-2324
     Attorney for Debtor

Order Confirming Plan - 2

**JAMES E. DICKMEYER, PC**
520 Kirkland Way  Suite 400
PO Box 2623
Kirkland  Washington  98083-2623
(425) 889-2324

Case 24-11738-CMA    Doc 107    Filed 12/30/24    Ent. 12/30/24 10:42:06    Pg. 2 of 26

Judge: Christopher M. Alston
Chapter: 11

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In Re:

MIGHTY-O CORP.,

               Debtor

Case No:    24-11738-CMA

AMENDED PLAN OF
REORGANIZATION

## DEBTOR'S PLAN OF REORGANIZATION

Debtor Mighty-O Corp. (the "Debtor") submits this small business plan of reorganization pursuant to 11 USC §1190. Debtor filed a voluntary Chapter 11 bankruptcy petition on July 14, 2024 (the "Petition Date")[1] and elected to be treated as a small business debtor under Subchapter V of Chapter 11 of the Bankruptcy Code.

    A.    <u>Description and History of the Debtor's Business and
General Description of Plan</u>

Mighty-O Donuts was founded in 2000 with the goal of introducing all-natural organic donuts to the market. The company distributed its products via wholesale and through retail shops, which also sold coffee and beverages alongside the donuts. Mighty-O initially sold at local festivals and operated out of a shared bakery, delivering donuts wholesale to cafés and grocery stores in the greater Seattle area, including Whole Foods and PCC. In 2003, it opened its first retail shop near Green Lake in Seattle. In 2012, the company opened a commissary warehouse production kitchen in Tukwila to support its wholesale and retail expansion. Mighty-O continued to grow, opening retail stores in Seattle's Ballard and Capitol Hill

---

[1] Definitions of capitalized terms used in this Plan of Reorganization are set forth on Exhibit C.

Reorganization Plan - 1

**JAMES E. DICKMEYER, PC**
520 Kirkland Way Suite 400
PO Box 2623
Kirkland, Washington 98083-2623
(425) 889-2324

neighborhoods in 2015, and in the Denny Triangle and Financial District neighborhoods in 2017.

Mighty-O experienced modest growth for many years until the COVID-19 pandemic in 2020. The pandemic severely impacted Mighty-O's ability to operate a financially sound business. The company experienced a significant drop in customer traffic and a decrease in employee availability, preventing it from operating at full capacity. Additionally, Mighty-O faced major disruptions in supply chains, vendor services, and rising costs due to inflation. The downtown Seattle areas, including Mighty-O's stores in the Denny Triangle (1812 Boren) and Financial District (1000 2nd Ave), were especially hard hit and continue to be negatively affected. The company closed its 2nd Avenue store for two years and reduced the hours of its other stores. Mighty-O's wholesale distribution partners were also severely impacted by the pandemic, resulting in a significant reduction in wholesale income.

As a result of a combination of factors, including the adverse effects of the pandemic, increased costs due to inflation, decreased sales, and high fixed lease costs, Mighty-O filed for Chapter 11 bankruptcy protection.

The Debtor's Plan includes reducing occupancy expenses at its 1000 2nd Avenue store by amending the lease to pay 5% of income. The Debtor will also reduce occupancy costs at its commissary on E. Marginal Way by giving up unnecessary space and decrease administrative expenses by terminating its virtual assistant contract with Capita Works. The Debtor will apply the resulting cost savings to pay creditors.

B.    Events in this Bankruptcy Case

The Debtor filed this case July 14, 2024 and elected to be treated under Subchapter V and Michael DeLeo was appointed Subchapter V Trustee. Shortly after the filing the Debtor rejected its lease of the retail location at 1812 Boren Avenue and surrendered possession to the landlord on August 31, 2024. The Debtor obtained authority from the court to honor gift cards that were purchased prepetition.

The Debtor's operations have consisted of primarily retail coffee and donut sales at its four Seattle locations and wholesale operations at its Marginal Way facility:

|  | Gross Sales | Expenses | Profit |
|---|---|---|---|
| July 14-31 | 223,462[2] | 102,511 | 102,951 |
| August | 227,018 | 205,188 | 21,830 |
| September | 223,656 | 218,733 | 4923 |

[2] This figure may represent gross revenue for the entire month of July

JAMES E. DICKMEYER, PC
520 Kirkland Way  Suite 400
PO Box 2623
Kirkland, Washington  98083-2623
(425) 889-2324

Reorganization Plan  - 2

James E. Dickmeyer has acted as general counsel for the Debtor and has applied for approval of his employment retroactive to the petition date. No other professionals were employed by the Debtor.

C.    Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity-interest holders would receive in a chapter 7 liquidation. The liquidation analysis required by 11 USC §1190 is attached to the Plan as Exhibit A.

The Debtor estimates that if the case were liquidated under Chapter 7 on the Effective Date, creditors holding nonpriority general unsecured claims would receive no dividend. The Debtor's tangible assets consist of cash on hand as of September 30, 2024 of $354,750, current accounts receivable of $29,773, inventory currently valued at $49,864, (primarily perishable ingredients and branded goods) and furniture, furnishings and equipment valued at approximately $50,000.

It is difficult to say with certainty what a Chapter 7 trustee could recover if the trustee were able to dispose of the Debtor's assets, all of which are collateral for the claims of Umpqua Bank and the SBA. Some of the inventory is branded and some is perishable. Nonperishable inventory might be auctioned with a commission payable plus costs of sale. Perishable inventory would likely be disposed of or sold quickly for pennies on the dollar. Branded inventory likely has no resale value.

The fixtures, furnishings and equipment also present an uncertain return. The demand for used restaurant furniture and furnishings is very low. Installations of lighting, cabinetry, counters and the like that are affixed to the retail locations would likely become property of the landlord, with only removable furnishings and equipment saleable by the trustee. Furniture and furnishings such as seating, tables, and other items available for customer use are not likely to bring a significant return.

From whatever recovery a Chapter 7 trustee would obtain from recovering outstanding receivables and liquidating the inventory, the trustee would be entitled to compensation prescribed by statute and would incur fees and costs to legal counsel and accounting services. To the extent those proceeds are not paid to secured creditors, whose claims exceed $500,000, Chapter 7 administrative claims, Chapter 11 costs of administration would be next paid, and then any priority claims of the IRS and Washington state agencies. The Debtor estimates the Chapter 7 trustee would need to obtain at least $75,000 in unencumbered funds, after payment of secured claims, in order for general unsecured creditors to receive any distribution.

Reorganization Plan  - 3

D.    <u>Ability to Make Future Plan Payments and Operate Without Further Reorganization</u>

The Plan Proponent must show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the Debtor's business. Projections that support the Debtor's ability to make all payments required by the Plan are attached to the Plan as Exhibit B.

If the Plan is confirmed on a cramdown basis under §1191(b), the Plan must provide for the debtor to commit all of its projected disposable income to the Plan for a period of at least three years. The Debtor's financial projections show the Debtor will have projected disposable income (as defined by §1191(d) of the Bankruptcy Code) for the period described in §1191(c)(2) of $28,000. The Debtor anticipates that based on current circumstances and foreseeable changes, its net income from operations will increase steadily in the next 60 months. Exhibit B includes the Debtor's projection of future income and expenses based on its history, estimations of market conditions and the steps it is taking to reduce expenses.

The final Plan payment is expected to be paid on or before December 31, 2029.

You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.

E.    <u>Projections</u>

The Debtor's projections of income and expenses from future operations are set out in Exhibit B.

F.    <u>Avoidance actions and other litigation</u>

Debtor is not aware of any dispute or contested matter that would cause some other party to commence litigation related to this case. However, the Reorganized Debtor shall retain for the benefit of the estate all avoidance actions arising under 11 USC §§547-550.

G.    <u>Risks</u>

The risks associated with this plan are primarily the risk the Reorganized Debtor's actual disposable income after confirmation is substantially less than its projections to the extent that the Reorganized Debtor cannot continue to operate and must cease doing business.

JAMES E. DICKMEYER, PC
520 Kirkland Way  Suite 400
PO Box 2623
Kirkland, Washington  98083-2623
(425) 889-2324

# **ARTICLE 1: SUMMARY**

This Plan of Reorganization (the "Plan") is a reorganization plan under which the Debtor will continue to operate and pay creditors from future operations.

This Plan provides for.
[X]     Two (2) classes of secured claims
[X]     One (1) class of non-priority unsecured claims;
[X]     One (1) class of equity interest holders.

<u>Payment of priority unsecured claims</u>.  Priority unsecured claims, if any, will be paid in full, with post confirmation interest, within 30 days after the Effective Date.

<u>Payment of non-priority unsecured claims</u>. Non-priority unsecured creditors holding allowed claims will receive distributions of approximately 5% over the five  years after confirmation of the Plan.

<u>Payment of administrative expenses</u>. The Plan provides for full payment of administrative expenses upon confirmation or upon allowance by the court whichever occurs later.

<u>Treatment of Leases</u>. The Debtor will assume leases for the following properties:

Ballard – 1555 NW Market Street, Seattle WA – lessor is Hanson-Stimac, LLC
Green Lake - 2110 N. 55th Street, Seattle WA – landlord is Jenkins Properties
Capitol Hill – 1400 12th Ave., Seattle WA – landlord is Trace Lofts, LLC

The Debtor will assume the following unexpired leases, as modified by separate writing:

Marginal Way – 10825 E. Marginal Way S., Seattle WA – landlord is PAB02, LLC
Madison - 1000 Second Avenue, Suite 101, Seattle WA – landlord is Selig Holdings Company, LLC

The Debtor will reject an executory contract with Capita Works for virtual assistant services.

All creditors and equity interest holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

**JAMES E. DICKMEYER, PC**
520 Kirkland Way  Suite 400
PO Box 2623
Kirkland, Washington  98083-2623
(425) 889-2324

Reorganization Plan  - 5

## ARTICLE 2: CLASSIFICATION OF CLAIMS AND INTERESTS

2.01:   Unclassified.    All allowed claims entitled to priority under §507(a) of the Code except administrative expenses under §507(a)(2) and priority tax claims under §507(a)(8)). The creditor in this category is the Internal Revenue Service which filed a claim for estimated liabilities but which the Debtor projects will be owed nothing. Under section §1123(a)(1), priority tax claims are not in classes. See Article 3 for treatment of unclassified claims.

2.02:   Class 2.    The claim of Umpqua Bank, to the extent allowed as a secured claim under §506 of the Code. Umpqua filed a claim for $118,756 and holds a security interest in all of the Debtor's assets.

2.03.   Class 3.    The claim of the U.S. Small Business Administration ("SBA"), to the extent allowed as a secured claim under §506 of the Code. The SBA is owed approximately $675,000 arising from a modified EIDL loan agreement made on or about January 2022. The SBA holds a second priority security interest in the Debtor's assets and a personal guarantee against Ryan Kellner, the principal of the Debtor.

2.04.   Class 4.  All non-priority unsecured claims allowed under §502 of the Code. Filed or scheduled undisputed claims approximate $550,000, none of which appear to be substantially in dispute.

2.07:   Class 5.    The interest of equity interest holders. Ryan Kellner is the sole member of this class.

## ARTICLE 3: TREATMENT OF ADMINISTRATIVE EXPENSES, PRIORITY TAX CLAIMS AND COURT FEES

3.01: Unclassified claims. Under section §1123(a)(1), allowed administrative expenses and priority tax claims are not in classes.

3.02: Administrative expenses.

a.    Expenses arising post-petition in the ordinary course of Debtor's business operations shall be paid in full on the Effective Date, or according to the terms of the obligation, if later.

b.    Taxes arising post-petition in the ordinary course of Debtor's business operations that are due by the Effective Date shall be paid in full on the Effective Date.  Post -petition taxes that are not yet due on the Effective Date shall be paid according to non-bankruptcy law.

JAMES E. DICKMEYER, PC
520 Kirkland Way  Suite 400
PO Box 2623
Kirkland, Washington  98083-2623
(425) 889-2324

c.      Professional fees shall be paid upon court approval of those fees, or on such other terms as the parties have agreed.  These administrative expenses consist of Debtor's attorney fees (estimated $25,000), the Subchapter V trustee (estimated $5000) and Tilt 49 Realty, LLC, the Debtor's former landlord at 1812 Boren Avenue (estimated $12,000 for unpaid postpetition rent net of security deposit).

3.03: <u>Priority tax claims</u>. Each holder of an allowed priority tax claim will be paid in full within 30 days after the Effective Date.

**ARTICLE 4: TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN**

4.01: Claims and interests are treated as follows under this Plan:

| Class | Impairment | Treatment |
|-------|-----------|-----------|
| Class 2 | Impaired | Umpqua Bank shall retain its lien against the Debtor's collateral described in the security agreement. Umpqua Bank shall have a secured claim in the principal amount of $125,412.97 including reasonable attorney's fees and costs incurred which shall accrue interest at 8% per annum and amortized over a 7-year term payable at not less than $1954.71 per month.  The complete terms and conditions of the treatment  of this Class 2 claim are set forth in the Stipulation re: Non-material Modification to Debtor's Sub V Chapter 11 Plan as to Umpqua Bank's Class 2 Secured Claim which is attached to the Plan as Exhibit D and incorporated herein by reference.<br><br>With respect to the treatment of Umpqua Bank's Class 2 Claim and its remedies, in the event of conflict between the terms and conditions set forth in Exhibit A and the provisions of the Plan, Exhibit D will control. |
| Class 3 | Impaired | The U.S. Small Business Administration shall retain its lien against the Debtor's collateral described in the security agreement. SBA shall have a secured claim in the principal amount of $255,000 which shall accrue interest at 3.75% per annum and amortized over a 15-year term payable at $1854.42 per month.<br><br>The SBA shall also have a general unsecured claim of $444,633.39 which shall not be discharged by 11 USC §1192. The unsecured claim shall receive pro rata payments with other general unsecured claims from the Effective Date through the completion of the Plan term. Upon completion of the Plan term, |

**JAMES E. DICKMEYER, PC**
520 Kirkland Way  Suite 400
PO Box 2623
Kirkland, Washington  98083-2623
(425) 889-2324

Reorganization Plan  - 7

| | | interest will accrue on the unsecured balance (after credit for Plan payments made on account of the unsecured claim) at the rate of 3.75%. Principal and interest shall be paid in equal monthly installments such that the unsecured claim shall be paid in full by June 22, 2050. |
|---|---|---|
| | | All notice and default provisions in the Promissory Note dated June 11, 2020 as later modified, shall remain in effect as to the SBA's secured and unsecured claims, notwithstanding the automatic stay of 11 USC §362 or the default provisions in Article 10 of this Plan. |
| Class 4 | Impaired | General unsecured creditors holding allowed claims will receive pro rata payments from the Reorganized Debtor on a quarterly basis commencing the first day after the 90th day from the Effective Date and continuing thereafter. It is not expected that general unsecured creditors will receive a distribution greater than 5%. |
| Class 5 | Impaired | Ryan Kellner shall retain his equity interest in the Reorganized Debtor. |

## ARTICLE 5: ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01: Disputed claim. A disputed claim is a claim that has not been allowed or disallowed and as to which either:

(i) A proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection or will file an objection within sixty (60) days after the Effective Date ; or

(ii) No proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02: Delay of distribution on a disputed claim. No distribution will be made on account of a disputed claim unless and until it is allowed.

5.03: Settlement of disputed claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Federal Rule of Bankruptcy Procedure 9019.

JAMES E. DICKMEYER, PC
520 Kirkland Way  Suite 400
PO Box 2623
Kirkland, Washington  98083-2623
(425) 889-2324

Reorganization Plan  - 8

## ARTICLE 6: PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

(a)     The Debtor assumes the following unexpired leases as of the Effective Date of the Plan:

Green Lake – 2110 N. 55th Street, Seattle WA – landlord is Jenkins Properties

Ballard – 1555 NW Market Street, Seattle WA – landlord is Hanson-Stimac, LLC

Capitol Hill – 1400 12th Ave., Seattle WA – landlord is Trace Lofts, LLC

(b)     The Debtor assumes the following unexpired leases, as modified by separate writing and summarized below, as of the Effective Date of the Plan:

Marginal Way – 10825 E. Marginal Way S., Seattle WA – landlord is PAB02, LLC – the Debtor will relinquish 971 square foot second floor space and reduce its triple net share from 65% to 55%

Madison - 1000 Second Avenue, Suite 101, Seattle WA – landlord is Selig Holdings Company, LLC. – this lease will convert to 3 year lease term, terminable on 30 days notice, rent reduced to 5% of gross revenue, sublease or assignment permitted, forgiveness of Covid-era rent arrears and excess tenant improvement costs

(b)     Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, either before the effective date or under section 6(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the Effective Date. The executory contract with Capita Works for virtual assistant services will be rejected on confirmation unless earlier rejected by court order.

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date on which the court enters the order confirming this Plan.

## ARTICLE 7: MEANS FOR IMPLEMENTATION OF THE PLAN

The Reorganized Debtor will pay into a Chapter 11 Plan Disbursement Account from which disbursements to creditors and administrative claimants will be made. Payments will commence within 30 days after the Effective Date.

## ARTICLE 8: GENERAL PROVISIONS

8.01: Definitions and rules of construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the

**JAMES E. DICKMEYER, PC**
520 Kirkland Way  Suite 400
PO Box 2623
Kirkland, Washington  98083-2623
(425) 889-2324

Reorganization Plan  - 9

Code are used in this Plan and they are supplemented by the definitions set forth in Exhibit C.

8.02: <u>Effective Date</u>. The effective date of this Plan is the day that is 15 days after the entry of the Confirmation Order. If, however, a stay of the Confirmation Order is in effect on that date, the effective date will be the day after the date on which the stay expires or is otherwise terminated. These periods are calculated as provided in Federal Rule of Bankruptcy Procedure 9006(a)(1).

8.03: <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04: <u>Binding effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

8.05: <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06: <u>Controlling effect</u>. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Washington govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07: <u>Retention of Jurisdiction</u>. The court confirming the Plan may exercise jurisdiction to the full extent necessary to administer this case after Plan confirmation and to adjudicate any related adversary proceedings or contested matters, including those relating to the Plan, such as concerning the Plan's construction, implementation, or modification. Neither this provision nor anything in this Plan constitutes a limitation on or an expansion of the jurisdiction authorized by Title 28 of the United States Code.

## **ARTICLE 9: DISCHARGE**

If the Debtor's Plan is confirmed under §1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in §1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt imposed by this Plan.

If the Debtor's Plan is confirmed under §1191(b), confirmation of the Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 5 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt on which the last payment is due after the first 5 years of the plan, or as otherwise provided in § 1192.

**JAMES E. DICKMEYER, PC**
520 Kirkland Way  Suite 400
PO Box 2623
Kirkland, Washington  98083-2623
(425) 889-2324

Reorganization Plan  - 10

## <u>ARTICLE 10: OTHER PROVISIONS</u>

10.01: <u>Lien Avoidance</u>. None

10.02: <u>Dischargeability Proceedings</u>. Not applicable.

10.03: <u>Other Avoidance Actions</u>. The Reorganized Debtor preserves any potential avoidance action under §§547-550 of the Bankruptcy Code and under Washington state law.

10.03: <u>Post-Confirmation Litigation</u>. Claim objections must be filed within 60 days of the Effective Date.

10.04: <u>Default</u>

10.04.01     If the Reorganized Debtor fails to make any payment to creditors hereunder, for more than thirty (30) days after the time specified in the Plan, the affected creditor may serve upon the Reorganized Debtor a written notice of default. The Reorganized Debtor is in material default under the Plan if there is a failure within thirty (30) days of the service of such notice of default (plus 3 days for mailing) to either: (i) to cure the default or (ii) to obtain from the court an extension of time to cure the default or a determination that no default occurred. If the Reorganized Debtor remains in material default after the time period specified above, creditors may proceed with the remedies as specified below.

10.04.02     **Priority Claims**. If the Reorganized Debtor fails to make a payment on account of an ALLOWED PRIORITY CLAIM, the holder of such claim shall be entitled to bring an action against in this court , provided that at least 30-days' notice of intent to bring such action is first given to the Reorganized Debtor. Alternatively, if, after 30 days written notice, a default remains uncured, the holder of the ALLOWED PRIORITY CLAIM shall be entitled to recover all amounts due and to become due to it under the PLAN by pursing all remedies, including administrative or judicial, as allowed by law.

10.04.03     **Secured Claims**. If the Reorganized Debtor fails to make a payment to holder of an ALLOWED SECURED CLAIMS, the holder of such claim shall be entitled to proceed in accordance with the underlying agreement or agreements between the claimant and the Reorganized Debtor provided that at least 30-days' notice of intent to take such action is first given to the Reorganized Debtor.

10.04.04     **Unsecured Claims**. If the Plan Distrbution Agent fails to make a payment on account of an allowed unsecured claim in Class 3, the holder of such Claim shall be entitled to bring an action against the Debtor in this court, provided that at least 30-days' notice of intent to bring such action is first given to the Reorganized Debtor .

**JAMES E. DICKMEYER, PC**
520 Kirkland Way  Suite 400
PO Box 2623
Kirkland, Washington  98083-2623
(425) 889-2324

If such an action is commenced, after default and notice, the holder of the Allowed Claim shall be entitled to recover all amounts due and to become due to it under the Plan.

10.04.05 **Additional Default Remedies**. In addition, or in the alternative to the other remedies for default previously set forth above, a creditor or party in interest may bring a motion to convert or dismiss the case under § 1112(b), after the Plan is confirmed, if there is a default in performing the Plan.

10.04.06 The Reorganized Debtor will furnish information on receipts/disbursements available to any party, as requested. The Reorganized Debtor shall give notice of any default to any party, as requested.

10.05. The Reorganized Debtor shall be responsible for preparing and filing all post-confirmation reports required by LBR 2015-1.

10.06. **Insiders** The Reorganized Debtor will retain as President and sole shareholder Ryan Kellner, who will be paid compensation of approximately $10,000 monthly. Mr. Kellner's wife, Megan Helmer, who performs management and advisory services, will continue providing services and receive compensation of approximately $4000 monthly.

DATED this 17th day of December, 2024

Mighty-O Corp.

By ___*/s/ Ryan Kellner*_____
        Ryan Kellner, President

James E. Dickmeyer, PC

By _*/s/ James E. Dickmeyer*_____
    James E. Dickmeyer WSBA #14318
    Attorney for Debtor
    520 Kirkland Way Suite 400
    PO Box 2623
    Kirkland WA 98083-2623
    Telephone (425) 889-2324
    Fax (425) 827-8725
    E-mail jim@jdlaw.net

**JAMES E. DICKMEYER, PC**
520 Kirkland Way Suite 400
PO Box 2623
Kirkland, Washington 98083-2623
(425) 889-2324

## Exhibit A

### Liquidation Analysis

11 USC §1190 requires that a plan filed under Subchapter V of Chapter 11 contain a liquidation analysis as required by 11 USC §1129(a)(7) to aid in the determination whether creditors will receive as of the effective date of the plan property that is not less than the amount creditors would receive if the Debtor were liquidated under Chapter 7 on such date.

If the Debtor were liquidated under Chapter 7 as of the effective date of the plan, the Debtor projects that no funds would be available for distribution to general unsecured creditors. The Debtor's assets are subject to two secured claims in a combined amount that exceeds the value of its assets. If the secured creditors do not liquidate the assets themselves, if so authorized by the court, the estimated net proceeds remaining from the Chapter 7 trustee's liquidation of assets after selling costs and administrative expenses would be paid to the secured creditors. Below is a table representing assets in the bankruptcy estate, their scheduled value and estimated net proceeds.

| Asset | Liquidation Value | Secured Debt | Net Proceeds |
|---|---|---|---|
| Bank Accounts | $354,750 | $354,750 | $0 |
| Deposits | | | |
|     Landlords | $50,083 | $50,083[1] | $0 |
| Accounts Receivable | | | |
|     Current (<90 days) | $29,773 | $29,773 | $0 |
|     Old    (>90 days) | $0 | $0 | $0 |
| Inventory | $50,000 | $50,000 | $0 |
| Leasehold improvements[2] | $700,000 | $N/A | $0 |
| Furniture, equipment, art | $30,000 | $30,000 | $0 |
| Vehicles | | | |
|     Ford transit van | $4000 | $ | $4000 |
|     Cargo trailer | $500 | $ | $500 |
| Intellectual property | $0 | $0 | $0 |

From the net sale proceeds of any unencumbered assets, a Chapter 7 trustee could be entitled to up to approximately $20,000 in compensation pursuant to 11 USC §326.

---

[1] Forfeitable to landlords in event lease is terminated
[2] Leasehold improvements would be retained by the landlords upon conclusion of the Debtor's tenancy

**2024 Revenue**

| | January (Actual) | February (Actual) | March (Actual) | April (Actual) | May (Actual) | June (Actual) | July (Actual) | August (Actual) | September (Forecast) | October (Forecast) | November (Forecast) | December (Forecast) | Totals |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Ballard | 56,716.42 | 56,716.42 | 56,716.42 | 56,716.42 | 56,716.42 | 56,716.42 | 56,716.42 | 56,716.42 | 56,000.00 | 58,000.00 | 59,000.00 | | 683,447.78 |
| Capital Hill | 32,866.16 | 37,374.10 | 49,300.98 | 40,680.73 | 35,321.26 | 29,953.29 | 38,315.01 | 37,611.35 | 38,000.00 | - | - | | 460,512.39 |
| Denny | 23,838.63 | 26,865.80 | 33,239.07 | 28,621.46 | 27,969.38 | 22,114.51 | 28,188.40 | 9,858.06 | - | - | - | | 200,715.31 |
| Green Lake | 66,636.58 | 69,391.18 | 83,780.17 | 72,216.28 | 86,648.06 | 71,996.56 | 71,532.73 | 76,459.94 | 71,792.00 | 73,000.00 | 76,000.00 | 77,000.00 | 896,447.50 |
| Madison | 14,684.65 | 16,961.12 | 20,961.68 | 21,689.60 | 26,675.86 | 16,703.87 | 21,384.70 | 22,706.22 | 21,774.22 | 23,000.00 | 25,000.00 | 26,000.00 | 257,541.92 |
| Whole Sale | 20,240.47 | 19,122.47 | 20,895.90 | 19,519.57 | 25,216.48 | 24,558.10 | 23,329.71 | 24,838.50 | 29,632.74 | 25,000.00 | 25,000.00 | 25,000.00 | 282,373.94 |
| Festival | - | - | - | - | - | - | - | - | - | - | - | | - |
| Rent | 2,666.67 | 2,666.67 | 2,666.67 | 2,666.67 | 2,666.67 | 2,666.67 | 2,666.67 | 2,666.67 | 2,666.67 | 2,666.67 | 2,666.67 | 2,666.67 | 32,000.04 |
| Total | 217,669.58 | 229,097.76 | 267,560.89 | 242,119.73 | 268,973.38 | 230,071.39 | 233,771.92 | 231,560.82 | 220,213.40 | 217,666.67 | 226,666.67 | 227,666.67 | 2,813,038.88 |

**2025 Revenue**

| | January | February | March | April | May | June | July | August | September | October | November | December | Totals |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Ballard | 56,050.00 | 57,731.50 | 60,618.08 | 61,830.44 | 63,067.05 | 62,000.00 | 62,000.00 | 63,000.00 | 64,260.00 | 65,000.00 | 66,000.00 | 65,000.00 | 746,557.06 |
| Capital Hill | 36,100.00 | 38,000.00 | 38,000.00 | 39,000.00 | 39,780.00 | 37,000.00 | 37,000.00 | 37,740.00 | 39,000.00 | 40,000.00 | 42,000.00 | 43,000.00 | 466,620.00 |
| Green Lake | 73,150.00 | 75,344.50 | 79,111.73 | 81,000.00 | 83,000.00 | 80,000.00 | 80,000.00 | 81,000.00 | 82,000.00 | 85,000.00 | 88,000.00 | 86,000.00 | 973,606.23 |
| Madison | 24,700.00 | 25,441.00 | 26,204.23 | 26,990.36 | 27,800.07 | 28,634.07 | 29,493.09 | 30,377.88 | 31,289.22 | 32,227.90 | 33,194.73 | 34,190.58 | 350,543.13 |
| Whole Sale | 27,500.00 | 27,500.00 | 27,500.00 | 29,000.00 | 29,000.00 | 29,000.00 | 31,000.00 | 31,000.00 | 31,000.00 | 34,000.00 | 34,000.00 | 34,000.00 | 364,500.00 |
| Festival | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Rent | 2,666.67 | 2,666.67 | 2,666.67 | 2,666.67 | 2,666.67 | 2,666.67 | 2,666.67 | 2,666.67 | 2,666.67 | 2,666.67 | 2,666.67 | 2,666.67 | 32,000.04 |
| Total | 220,166.67 | 226,683.67 | 234,100.70 | 240,487.46 | 245,313.78 | 239,300.74 | 242,159.76 | 245,784.55 | 250,215.89 | 258,894.57 | 263,861.40 | 264,857.25 | 2,933,826.45 |

**2026 Revenue**

| | January | February | March | April | May | June | July | August | September | October | November | December | Totals |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Ballard | 65,000.00 | 66,625.00 | 68,290.63 | 69,997.89 | 71,747.84 | 64,573.05 | 64,573.05 | 66,187.38 | 67,842.06 | 69,538.12 | 71,276.57 | 68,000.00 | 813,651.59 |
| Capital Hill | 43,000.00 | 43,430.00 | 43,864.30 | 44,302.94 | 44,745.97 | 40,271.38 | 40,271.38 | 41,278.16 | 42,310.11 | 43,367.87 | 44,452.06 | 45,000.00 | 516,294.17 |
| Green Lake | 86,000.00 | 86,860.00 | 87,728.60 | 88,605.89 | 89,491.94 | 80,542.75 | 81,348.18 | 81,348.18 | 82,161.66 | 82,983.28 | 83,813.11 | 80,000.00 | 1,010,078.15 |
| Madison | 31,000.00 | 31,775.00 | 32,569.38 | 33,383.61 | 34,218.20 | 30,796.38 | 30,796.38 | 31,566.29 | 32,355.45 | 33,164.33 | 33,993.44 | 30,000.00 | 385,618.45 |
| Whole Sale | 34,200.00 | 34,000.00 | 34,000.00 | 34,000.00 | 34,000.00 | 34,000.00 | 34,000.00 | 34,000.00 | 34,000.00 | 34,000.00 | 34,000.00 | 34,000.00 | 388,818.45 |
| Festival | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Rent | 2,666.67 | 2,666.67 | 2,666.67 | 2,666.67 | 2,666.67 | 2,666.67 | 2,666.67 | 2,666.67 | 2,666.67 | 2,666.67 | 2,666.67 | 2,666.67 | 32,000.04 |
| Total | 261,866.67 | 265,356.67 | 269,119.57 | 272,957.00 | 276,870.62 | 252,850.23 | 252,850.23 | 257,046.68 | 261,335.95 | 265,720.24 | 270,201.85 | 259,666.67 | 3,146,460.86 |

**2027 Revenue**

| | January | February | March | April | May | June | July | August | September | October | November | December | Totals |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Ballard | 68,000.00 | 64,600.00 | 66,538.00 | 68,534.14 | 70,590.16 | 67,060.66 | 67,060.66 | 70,413.69 | 73,934.37 | 77,631.09 | 81,512.65 | 79,882.39 | 855,757.81 |
| Capital Hill | 45,000.00 | 42,750.00 | 44,032.50 | 45,353.48 | 46,714.08 | 44,378.38 | 44,378.38 | 46,597.29 | 48,927.16 | 51,373.52 | 53,942.19 | 52,863.35 | 566,310.32 |
| Green Lake | 80,000.00 | 78,400.00 | 80,752.00 | 83,174.56 | 85,669.80 | 81,386.31 | 81,386.31 | 85,455.62 | 89,728.40 | 94,214.82 | 98,925.56 | 96,947.05 | 1,036,040.44 |
| Madison | 30,000.00 | 28,500.00 | 29,925.00 | 31,421.25 | 32,992.31 | 31,342.70 | 31,342.70 | 32,909.83 | 34,555.32 | 36,283.09 | 38,097.24 | 37,335.30 | 394,704.74 |
| Whole Sale | 35,000.00 | 35,000.00 | 35,000.00 | 35,000.00 | 35,000.00 | 35,000.00 | 35,000.00 | 37,500.00 | 37,500.00 | 37,500.00 | 37,500.00 | 37,500.00 | 432,500.00 |
| Festival | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Rent | 2,666.67 | 2,666.67 | 2,666.67 | 2,666.67 | 2,666.67 | 2,666.67 | 2,666.67 | 2,666.67 | 2,666.67 | 2,666.67 | 2,666.67 | 2,666.67 | 32,000.04 |
| Total | 260,666.67 | 251,916.67 | 258,914.17 | 266,150.10 | 273,633.02 | 261,834.71 | 261,834.71 | 275,543.11 | 287,311.93 | 299,669.19 | 312,644.32 | 307,194.76 | 3,317,313.35 |

# Exhibit B

## Income Statement  Pro Forma

2025

|  | Forecast Jan-25 | Forecast Feb-25 | Forecast Mar-25 | Forecast Apr-25 | Forecast May-25 | Forecast Jun-25 | Forecast Jul-25 | Forecast Aug-25 | Forecast Sep-25 | Forecast Oct-25 | Forecast Nov-25 | Forecast Dec-25 | 2025 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Income** | | | | | | | | | | | | | |
| Retail | $190,000 | $196,517 | $203,934 | $208,821 | $213,647 | $207,634 | $208,493 | $212,118 | $216,549 | $222,228 | $229,195 | $228,191 | $2,537,326 |
| Wholesale | $27,500 | $27,500 | $27,500 | $29,000 | $29,000 | $29,000 | $31,000 | $31,000 | $31,000 | $34,000 | $34,000 | $34,000 | $364,500 |
| Rent | $2,667 | $2,667 | $2,667 | $2,667 | $2,667 | $2,667 | $2,667 | $2,667 | $2,667 | $2,667 | $2,667 | $2,667 | $32,000 |
| | | | | | | | | | | | | | |
| **Net Revenue** | **$220,167** | **$226,684** | **$234,101** | **$240,487** | **$245,314** | **$239,301** | **$242,160** | **$245,785** | **$250,216** | **$258,895** | **$265,861** | **$264,857** | **$2,933,826** |
| | | | | | | | | | | | | | |
| Cost of Goods Sold | | | | | | | | | | | | | |
| Variable Costs | $130,500 | $134,410 | $138,860 | $142,692 | $145,588 | $141,980 | $143,696 | $145,871 | $148,530 | $153,737 | $157,917 | $157,314 | $1,741,096 |
| Fixed Costs | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| **Total Cost of Goods Sold** | **$130,500** | **$134,410** | **$138,860** | **$142,692** | **$145,588** | **$141,980** | **$143,696** | **$145,871** | **$148,530** | **$153,737** | **$157,917** | **$157,314** | **$1,741,096** |
| | | | | | | | | | | | | | |
| **Gross Profit** | **$89,667** | **$92,273** | **$95,240** | **$97,795** | **$99,726** | **$97,320** | **$98,464** | **$99,914** | **$101,686** | **$105,158** | **$107,945** | **$107,543** | **$1,192,731** |
| *Gross Margin %* | 40.73% | 40.71% | 40.68% | 40.67% | 40.65% | 40.67% | 40.66% | 40.65% | 40.64% | 40.62% | 40.60% | 40.60% | 40.65% |
| | | | | | | | | | | | | | |
| **Expenses** | | | | | | | | | | | | | |
| General & Administrative Expense | | | | | | | | | | | | | |
| Accounting Fees | $ 4,500.00 | $ 4,815.00 | $ 4,815.00 | $ 4,815.00 | $ 4,815.00 | $ 4,815.00 | $ 4,815.00 | $ 4,815.00 | $ 4,815.00 | $ 4,815.00 | $ 4,815.00 | $ 4,815.00 | $57,465 |
| Auto Costs | $ 1,842.00 | $ 1,970.94 | $ 1,970.94 | $ 1,970.94 | $ 1,970.94 | $ 1,970.94 | $ 1,970.94 | $ 1,970.94 | $ 1,970.94 | $ 1,970.94 | $ 1,970.94 | $ 1,970.94 | $23,522 |
| Bank Service Charges | $ 125.00 | $ 133.75 | $ 133.75 | $ 133.75 | $ 133.75 | $ 133.75 | $ 133.75 | $ 133.75 | $ 133.75 | $ 133.75 | $ 133.75 | $ 133.75 | $1,596 |
| Umpqua and SBA Loans | $ 3,456.00 | $ 3,456.00 | $ 3,456.00 | $ 3,456.00 | $ 3,456.00 | $ 3,456.00 | $ 3,456.00 | $ 3,456.00 | $ 3,456.00 | $ 3,456.00 | $ 3,456.00 | $ 3,456.00 | $41,472 |
| Business Licenses and Permits | | | $ 2,247.00 | | | | $ 2,247.00 | | | | | $ 2,247.00 | $8,988 |
| Conferences, Dues, and Subscriptions | $ 750.00 | $ 802.50 | $ 802.50 | $ 802.50 | $ 802.50 | $ 802.50 | $ 802.50 | $ 802.50 | $ 802.50 | $ 802.50 | $ 802.50 | $ 802.50 | $9,578 |
| Consultant Fees | $ 700.00 | $ 749.00 | $ 749.00 | $ 749.00 | $ 749.00 | $ 749.00 | $ 749.00 | $ 749.00 | $ 749.00 | $ 749.00 | $ 749.00 | $ 749.00 | $8,939 |
| Employee Travel and Meals | $ 250.00 | $ 267.50 | $ 267.50 | $ 267.50 | $ 267.50 | $ 267.50 | $ 267.50 | $ 267.50 | $ 267.50 | $ 267.50 | $ 267.50 | $ 267.50 | $3,193 |
| Furniture & Fixtures | $ 100.00 | $ 107.00 | $ 107.00 | $ 107.00 | $ 107.00 | $ 107.00 | $ 107.00 | $ 107.00 | $ 107.00 | $ 107.00 | $ 107.00 | $ 107.00 | $1,277 |
| Insurance | | $ 2,135.00 | | | | | | | $ 2,135.00 | | | | $8,540 |
| IT Support | $ 1,700.00 | $ 1,819.00 | $ 1,819.00 | $ 1,819.00 | $ 1,819.00 | $ 1,819.00 | $ 1,819.00 | $ 1,819.00 | $ 1,819.00 | $ 1,819.00 | $ 1,819.00 | $ 1,819.00 | $21,709 |
| Legal Fees | $ 2,000.00 | $ 2,140.00 | $ 2,140.00 | $ 2,140.00 | $ 2,140.00 | $ 2,140.00 | $ 2,140.00 | $ 2,140.00 | $ 2,140.00 | $ 2,140.00 | $ 2,140.00 | $ 2,140.00 | $25,540 |
| Marketing | $ 2,000.00 | $ 2,140.00 | $ 2,140.00 | $ 2,140.00 | $ 2,140.00 | $ 2,140.00 | $ 2,140.00 | $ 2,140.00 | $ 2,140.00 | $ 2,140.00 | $ 2,140.00 | $ 2,140.00 | $25,540 |
| Maintenance and Repairs | $ 2,500.00 | $ 2,675.00 | $ 2,675.00 | $ 2,675.00 | $ 2,675.00 | $ 2,675.00 | $ 2,675.00 | $ 2,675.00 | $ 2,675.00 | $ 2,675.00 | $ 2,675.00 | $ 2,675.00 | $31,925 |
| Office Supplies & Expenses | $ 700.00 | $ 749.00 | $ 749.00 | $ 749.00 | $ 749.00 | $ 749.00 | $ 749.00 | $ 749.00 | $ 749.00 | $ 749.00 | $ 749.00 | $ 749.00 | $8,939 |
| Printing , Postage and Delivery | $ 100.00 | $ 107.00 | $ 107.00 | $ 107.00 | $ 107.00 | $ 107.00 | $ 107.00 | $ 107.00 | $ 107.00 | $ 107.00 | $ 107.00 | $ 107.00 | $1,277 |
| Professional Services | $ 1,200.00 | $ 1,284.00 | $ 1,284.00 | $ 1,284.00 | $ 1,284.00 | $ 1,284.00 | $ 1,284.00 | $ 1,284.00 | $ 1,284.00 | $ 1,284.00 | $ 1,284.00 | $ 1,284.00 | $15,324 |
| Property Taxes | | | $ 3,495.00 | | | | | | | $ 3,495.00 | | | $13,980 |
| Recruiting Expense | $ 1,000.00 | $ 1,070.00 | $ 1,070.00 | $ 1,070.00 | $ 1,070.00 | $ 1,070.00 | $ 1,070.00 | $ 1,070.00 | $ 1,070.00 | $ 1,070.00 | $ 1,070.00 | $ 1,070.00 | $12,770 |
| Rent or Lease | $ 26,612.00 | $ 28,474.84 | $ 28,474.84 | $ 28,474.84 | $ 28,474.84 | $ 28,474.84 | $ 28,474.84 | $ 28,474.84 | $ 28,474.84 | $ 28,474.84 | $ 28,474.84 | $ 28,474.84 | $339,835 |
| Software | $ 296.00 | $ 316.72 | $ 316.72 | $ 316.72 | $ 316.72 | $ 316.72 | $ 316.72 | $ 316.72 | $ 316.72 | $ 316.72 | $ 316.72 | $ 316.72 | $3,780 |
| Supplies | $ 500.00 | $ 535.00 | $ 535.00 | $ 535.00 | $ 535.00 | $ 535.00 | $ 535.00 | $ 535.00 | $ 535.00 | $ 535.00 | $ 535.00 | $ 535.00 | $6,385 |
| Utilities +NNN | $ 7,000.00 | $ 7,490.00 | $ 7,490.00 | $ 7,490.00 | $ 7,490.00 | $ 7,490.00 | $ 7,490.00 | $ 7,490.00 | $ 7,490.00 | $ 7,490.00 | $ 7,490.00 | $ 7,490.00 | $89,390 |
| **Total G&A** | **$ 57,331.00** | **$ 61,102.25** | **$ 68,979.25** | **$ 61,102.25** | **$ 61,102.25** | **$ 68,979.25** | **$ 61,102.25** | **$ 61,102.25** | **$ 68,979.25** | **$ 61,102.25** | **$ 61,102.25** | **$ 68,979.25** | **$760,964** |
| | | | | | | | | | | | | | |
| Salaries | | | | | | | | | | | | | |
| Total Salaries | $ 22,150.00 | $ 22,150.00 | $ 22,150.00 | $ 22,150.00 | $ 22,150.00 | $ 22,150.00 | $ 22,150.00 | $ 22,150.00 | $ 22,150.00 | $ 22,150.00 | $ 22,150.00 | $ 22,150.00 | $265,800 |
| Total Benefits | $ 6,133.00 | $ 6,133.00 | $ 6,133.00 | $ 6,133.00 | $ 6,133.00 | $ 6,133.00 | $ 6,133.00 | $ 6,133.00 | $ 6,133.00 | $ 6,133.00 | $ 6,133.00 | $ 6,133.00 | $73,596 |
| Total Payroll Taxes | $ 8,500.00 | $ 8,500.00 | $ 8,500.00 | $ 8,500.00 | $ 8,500.00 | $ 8,500.00 | $ 8,500.00 | $ 8,500.00 | $ 8,500.00 | $ 8,500.00 | $ 8,500.00 | $ 8,500.00 | $102,000 |
| Bonuses | - | - | - | - | - | - | - | - | - | - | - | $ - | |
| Commissions | - | - | - | - | - | - | - | - | - | - | - | $ - | |
| **Total Salaries & Commissions** | **$ 36,783.00** | **$ 36,783.00** | **$ 36,783.00** | **$ 36,783.00** | **$ 36,783.00** | **$ 36,783.00** | **$ 36,783.00** | **$ 36,783.00** | **$ 36,783.00** | **$ 36,783.00** | **$ 36,783.00** | **$ 36,783.00** | **$ 441,396.00** |
| | | | | | | | | | | | | | |
| **Total Operating Expenses** | **$94,114.00** | **$ 97,885.25** | **$105,762.25** | **$ 97,885.25** | **$ 97,885.25** | **#######** | **$ 97,885.25** | **$ 97,885.25** | **$ 105,762.25** | **$ 97,885.25** | **$ 97,885.25** | **$105,762.25** | **$ 1,202,359.75** |
| | | | | | | | | | | | | | |
| **EBITA** | **$ (4,447.33)** | **$ (5,611.78)** | **$ (10,521.97)** | **$ (90.26)** | **$ 1,840.27** | **$ (8,441.95)** | **$ 578.66** | **$ 2,028.57** | **$ (4,075.89)** | **$ 7,272.58** | **$ 10,059.31** | **$ 1,780.65** | **$ (9,629.15)** |
| Other Income/Expenses | | | | | | | | | | | | | |
| Interest Income | $ 4.00 | $ 4.00 | $ 4.00 | $ 4.00 | $ 4.00 | $ 4.00 | $ 4.00 | $ 4.00 | $ 4.00 | $ 4.00 | $ 4.00 | $ 4.00 | $48 |
| Other Income | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | |
| Interest Expense | $ 41.00 | $ 41.00 | $ 41.00 | $ 41.00 | $ 41.00 | $ 41.00 | $ 41.00 | $ 41.00 | $ 41.00 | $ 41.00 | $ 41.00 | $ 41.00 | $492 |
| Bad Debt Expense | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | |
| Depreciation Expense | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | |
| Amortization | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | |
| | | | | | | | | | | | | | |
| **Total Interest, Depreciation & Am** | **$ 45.00** | **$ 45.00** | **$ 45.00** | **$ 45.00** | **$ 45.00** | **$ 45.00** | **$ 45.00** | **$ 45.00** | **$ 45.00** | **$ 45.00** | **$ 45.00** | **$ 45.00** | **$540** |
| | | | | | | | | | | | | | |
| **Net income (Loss) Before Income Tax** | **$ (4,492.33)** | **$ (5,656.78)** | **$ (10,566.97)** | **$ (135.26)** | **$ 1,795.27** | **$ (8,486.95)** | **$ 533.66** | **$ 1,983.57** | **$ (4,120.89)** | **$ 7,227.58** | **$ 10,014.31** | **$ 1,735.65** | **$ (10,169.15)** |
| Taxes | | | | | | | | | | | | | |
| Income Taxes | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| **Net income (Loss)** | **$ (4,492.33)** | **$ (5,656.78)** | **$ (10,566.97)** | **$ (135.26)** | **$ 1,795.27** | **$ (8,486.95)** | **$ 533.66** | **$ 1,983.57** | **$ (4,120.89)** | **$ 7,227.58** | **$ 10,014.31** | **$ 1,735.65** | **$ (10,169.15)** |

# Exhibit B

## Income Statement  Pro Forma

| | Forecast Jan-26 | Forecast Feb-26 | Forecast Mar-26 | Forecast Apr-26 | Forecast May-26 | Forecast Jun-26 | Forecast Jul-26 | Forecast Aug-26 | Forecast Sep-26 | Forecast Oct-26 | Forecast Nov-26 | Forecast Dec-26 | 2026 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Income** | | | | | | | | | | | | | |
| Retail | $225,000 | $228,690 | $232,453 | $236,290 | $240,204 | $216,184 | $216,184 | $220,380 | $224,669 | $229,054 | $233,535 | $223,000 | $2,725,642 |
| Wholesale | $34,200 | $34,000 | $34,000 | $34,000 | $34,000 | $34,000 | $34,000 | $34,000 | $34,000 | $34,000 | $34,000 | $34,000 | $408,200 |
| Rent | $2,667 | $2,667 | $2,667 | $2,667 | $2,667 | $2,667 | $2,667 | $2,667 | $2,667 | $2,667 | $2,667 | $2,667 | $32,000 |
| | | | | | | | | | | | | | |
| **Net Revenue** | **$261,867** | **$265,357** | **$269,120** | **$272,957** | **$276,871** | **$252,850** | **$252,850** | **$257,047** | **$261,336** | **$265,720** | **$270,202** | **$259,667** | **$3,165,842** |
| | | | | | | | | | | | | | |
| Cost of Goods Sold | | | | | | | | | | | | | |
| Variable Costs | $155,520 | $157,614 | $159,872 | $162,174 | $164,522 | $150,110 | $150,110 | $152,628 | $155,202 | $157,832 | $160,521 | $154,200 | $1,880,305 |
| Fixed Costs | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| **Total Cost of Goods Sold** | **$155,520** | **$157,614** | **$159,872** | **$162,174** | **$164,522** | **$150,110** | **$150,110** | **$152,628** | **$155,202** | **$157,832** | **$160,521** | **$154,200** | **$1,880,305** |
| | | | | | | | | | | | | | |
| **Gross Profit** | **$106,347** | **$107,743** | **$109,248** | **$110,783** | **$112,348** | **$102,740** | **$102,740** | **$104,419** | **$106,134** | **$107,888** | **$109,681** | **$105,467** | **$1,285,537** |
| *Gross Margin %* | *40.61%* | *40.60%* | *40.59%* | *40.59%* | *40.58%* | *40.63%* | *40.63%* | *40.62%* | *40.61%* | *40.60%* | *40.59%* | *40.62%* | *40.61%* |
| | | | | | | | | | | | | | |
| **Expenses** | | | | | | | | | | | | | |
| General & Administrative Expense | | | | | | | | | | | | | |
| Accounting Fees | $4,815.00 | $5,152.05 | $5,152.05 | $5,152.05 | $5,152.05 | $5,152.05 | $5,152.05 | $5,152.05 | $5,152.05 | $5,152.05 | $5,152.05 | $5,152.05 | $61,488 |
| Auto Costs | $1,970.94 | $2,108.91 | $2,108.91 | $2,108.91 | $2,108.91 | $2,108.91 | $2,108.91 | $2,108.91 | $2,108.91 | $2,108.91 | $2,108.91 | $2,108.91 | $25,169 |
| Bank Service Charges | $133.75 | $143.11 | $143.11 | $143.11 | $143.11 | $143.11 | $143.11 | $143.11 | $143.11 | $143.11 | $143.11 | $143.11 | $1,698 |
| Umpqua and SBA Loans | $3,456.00 | $3,456.00 | $3,456.00 | $3,456.00 | $3,456.00 | $3,456.00 | $3,456.00 | $3,456.00 | $3,456.00 | $3,456.00 | $3,456.00 | $3,456.00 | $41,472 |
| Business Licenses and Permits | | | $2,405.00 | | | | $2,405.00 | | | | | $2,405.00 | $9,620 |
| Conferences, Dues, and Subscriptions | $802.50 | $858.68 | $858.68 | $858.68 | $858.68 | $858.68 | $858.68 | $858.68 | $858.68 | $858.68 | $858.68 | $858.68 | $10,248 |
| Consultant Fees | $749.00 | $801.43 | $801.43 | $801.43 | $801.43 | $801.43 | $801.43 | $801.43 | $801.43 | $801.43 | $801.43 | $801.43 | $9,565 |
| Employee Travel and Meals | $267.50 | $286.23 | $286.23 | $286.23 | $286.23 | $286.23 | $286.23 | $286.23 | $286.23 | $286.23 | $286.23 | $286.23 | $3,416 |
| Furniture & Fixtures | $107.00 | $114.49 | $114.49 | $114.49 | $114.49 | $114.49 | $114.49 | $114.49 | $114.49 | $114.49 | $114.49 | $114.49 | $1,366 |
| Insurance | | | $2,285.00 | | | | $2,285.00 | | | | | $2,285.00 | $9,140 |
| IT Support | $1,819.00 | $1,946.33 | $1,946.33 | $1,946.33 | $1,946.33 | $1,946.33 | $1,946.33 | $1,946.33 | $1,946.33 | $1,946.33 | $1,946.33 | $1,946.33 | $23,229 |
| Legal Fees | $2,140.00 | $2,289.80 | $2,289.80 | $2,289.80 | $2,289.80 | $2,289.80 | $2,289.80 | $2,289.80 | $2,289.80 | $2,289.80 | $2,289.80 | $2,289.80 | $27,328 |
| Marketing | $2,140.00 | $2,289.80 | $2,289.80 | $2,289.80 | $2,289.80 | $2,289.80 | $2,289.80 | $2,289.80 | $2,289.80 | $2,289.80 | $2,289.80 | $2,289.80 | $27,328 |
| Maintenance and Repairs | $2,675.00 | $2,862.25 | $2,862.25 | $2,862.25 | $2,862.25 | $2,862.25 | $2,862.25 | $2,862.25 | $2,862.25 | $2,862.25 | $2,862.25 | $2,862.25 | $34,160 |
| Office Supplies & Expenses | $749.00 | $801.43 | $801.43 | $801.43 | $801.43 | $801.43 | $801.43 | $801.43 | $801.43 | $801.43 | $801.43 | $801.43 | $9,565 |
| Printing , Postage and Delivery | $107.00 | $114.49 | $114.49 | $114.49 | $114.49 | $114.49 | $114.49 | $114.49 | $114.49 | $114.49 | $114.49 | $114.49 | $1,366 |
| Professional Services | $1,284.00 | $1,373.88 | $1,373.88 | $1,373.88 | $1,373.88 | $1,373.88 | $1,373.88 | $1,373.88 | $1,373.88 | $1,373.88 | $1,373.88 | $1,373.88 | $16,397 |
| Property Taxes | | | $2,863.00 | | | | $2,863.00 | | | | | $2,863.00 | $11,452 |
| Recruiting Expense | $1,070.00 | $1,144.90 | $1,144.90 | $1,144.90 | $1,144.90 | $1,144.90 | $1,144.90 | $1,144.90 | $1,144.90 | $1,144.90 | $1,144.90 | $1,144.90 | $13,664 |
| Rent or Lease | $28,474.84 | $30,468.08 | $30,468.08 | $30,468.08 | $30,468.08 | $30,468.08 | $30,468.08 | $30,468.08 | $30,468.08 | $30,468.08 | $30,468.08 | $30,468.08 | $363,624 |
| Software | $316.72 | $338.89 | $338.89 | $338.89 | $338.89 | $338.89 | $338.89 | $338.89 | $338.89 | $338.89 | $338.89 | $338.89 | $4,045 |
| Supplies | $535.00 | $572.45 | $572.45 | $572.45 | $572.45 | $572.45 | $572.45 | $572.45 | $572.45 | $572.45 | $572.45 | $572.45 | $6,832 |
| Utilities | $7,490.00 | $8,014.30 | $8,014.30 | $8,014.30 | $8,014.30 | $8,014.30 | $8,014.30 | $8,014.30 | $8,014.30 | $8,014.30 | $8,014.30 | $8,014.30 | $95,647 |
| **Total G&A** | **$61,102.25** | **$65,137.49** | **$72,690.49** | **$65,137.49** | **$65,137.49** | **$72,690.49** | **$65,137.49** | **$65,137.49** | **$72,690.49** | **$65,137.49** | **$65,137.49** | **$72,690.49** | **$807,827** |
| | | | | | | | | | | | | | |
| Salaries | | | | | | | | | | | | | |
| Total Salaries | $22,150.00 | $23,257.50 | $23,257.50 | $23,257.50 | $23,257.50 | $23,257.50 | $23,257.50 | $23,257.50 | $23,257.50 | $23,257.50 | $23,257.50 | $23,257.50 | $277,983 |
| Total Benefits | $6,133.00 | $6,133.00 | $6,133.00 | $6,133.00 | $6,133.00 | $6,133.00 | $6,133.00 | $6,133.00 | $6,133.00 | $6,133.00 | $6,133.00 | $6,133.00 | $73,596 |
| Total Payroll Taxes | $8,500.00 | $8,500.00 | $8,500.00 | $8,500.00 | $8,500.00 | $8,500.00 | $8,500.00 | $8,500.00 | $8,500.00 | $8,500.00 | $8,500.00 | $8,500.00 | $102,000 |
| Bonuses | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Commissions | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Total Salaries & Commissions** | **$36,783.00** | **$37,890.50** | **$37,890.50** | **$37,890.50** | **$37,890.50** | **$37,890.50** | **$37,890.50** | **$37,890.50** | **$37,890.50** | **$37,890.50** | **$37,890.50** | **$37,890.50** | **$453,578.50** |
| | | | | | | | | | | | | | |
| **Total Operating Expenses** | **$97,885.25** | **########** | **$110,580.99** | **$103,027.99** | **$103,027.99** | **########** | **$103,027.99** | **$103,027.99** | **$110,580.99** | **$103,027.99** | **$103,027.99** | **$110,580.99** | **$1,261,405.11** |
| | | | | | | | | | | | | | |
| **EBITA** | **$8,461.42** | **$4,714.68** | **(1,333.16)** | **$7,754.81** | **$9,320.26** | **(7,840.89)** | **(287.89)** | **$1,390.69** | **(4,446.60)** | **$4,860.12** | **$6,652.76** | **(5,114.32)** | **24,131.87** |
| Other Income/Expenses | | | | | | | | | | | | | |
| Interest Income | $4.00 | $4.00 | $4.00 | $4.00 | $4.00 | $4.00 | $4.00 | $4.00 | $4.00 | $4.00 | $4.00 | $4.00 | $48 |
| Other Income | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Interest Expense | $41.00 | $41.00 | $41.00 | $41.00 | $41.00 | $41.00 | $41.00 | $41.00 | $41.00 | $41.00 | $41.00 | $41.00 | $492 |
| Bad Debt Expense | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Depreciation Expense | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Amortization | - | - | - | - | - | - | - | - | - | - | - | - | - |
| | | | | | | | | | | | | | - |
| **Total Interest, Depreciation & Am** | **45.00** | **45.00** | **45.00** | **45.00** | **45.00** | **45.00** | **45.00** | **45.00** | **45.00** | **45.00** | **45.00** | **45.00** | **$540** |
| | | | | | | | | | | | | | |
| **Net income (Loss) Before Income Tax** | **8,416.42** | **4,669.68** | **(1,378.16)** | **7,709.81** | **9,275.26** | **(7,885.89)** | **(332.89)** | **1,345.69** | **(4,491.60)** | **4,815.12** | **6,607.76** | **(5,159.32)** | **23,591.87** |
| Taxes | | | | | | | | | | | | | |
| Income Taxes | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| **Net income (Loss)** | **$8,416.42** | **$4,669.68** | **(1,378.16)** | **$7,709.81** | **$9,275.26** | **(7,885.89)** | **(332.89)** | **$1,345.69** | **(4,491.60)** | **$4,815.12** | **$6,607.76** | **(5,159.32)** | **$23,591.87** |

# Exhibit B

## Income Statement  Pro Forma

2027

| | Forecast Jan-27 | Forecast Feb-27 | Forecast Mar-27 | Forecast Apr-27 | Forecast May-27 | Forecast Jun-27 | Forecast Jul-27 | Forecast Aug-27 | Forecast Sep-27 | Forecast Oct-27 | Forecast Nov-27 | Forecast Dec-27 | 2027 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Income** | | | | | | | | | | | | | |
| Retail | $223,000 | $214,250 | $221,248 | $228,483 | $235,966 | $224,168 | $224,168 | $235,376 | $247,145 | $259,503 | $272,478 | $267,028 | $2,852,813 |
| Wholesale | $35,000 | $35,000 | $35,000 | $35,000 | $35,000 | $35,000 | $35,000 | $37,500 | $37,500 | $37,500 | $37,500 | $37,500 | $432,500 |
| Rent | $2,667 | $2,667 | $2,667 | $2,667 | $2,667 | $2,667 | $2,667 | $2,667 | $2,667 | $2,667 | $2,667 | $2,667 | $32,000 |
| **Net Revenue** | **$260,667** | **$251,917** | **$258,914** | **$266,150** | **$273,633** | **$261,835** | **$261,835** | **$275,543** | **$287,312** | **$299,669** | **$312,644** | **$307,195** | **$3,317,313** |
| Cost of Goods Sold | | | | | | | | | | | | | |
| Variable Costs | $154,800 | $149,550 | $153,749 | $158,090 | $162,580 | $155,501 | $155,501 | $163,726 | $170,787 | $178,202 | $185,987 | $182,717 | $1,971,188 |
| Fixed Costs | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| **Total Cost of Goods Sold** | **$154,800** | **$149,550** | **$153,749** | **$158,090** | **$162,580** | **$155,501** | **$155,501** | **$163,726** | **$170,787** | **$178,202** | **$185,987** | **$182,717** | **$1,971,188** |
| **Gross Profit** | **$105,867** | **$102,367** | **$105,166** | **$108,060** | **$111,053** | **$106,334** | **$106,334** | **$111,817** | **$116,525** | **$121,468** | **$126,658** | **$124,478** | **$1,346,125** |
| Gross Margin % | 40.61% | 40.64% | 40.62% | 40.60% | 40.58% | 40.61% | 40.61% | 40.58% | 40.56% | 40.53% | 40.51% | 40.52% | 40.58% |
| **Expenses** | | | | | | | | | | | | | |
| General & Administrative Expense | | | | | | | | | | | | | |
| Accounting Fees | $ 5,152.05 | $ 5,512.69 | $ 5,512.69 | $ 5,512.69 | $ 5,512.69 | $ 5,512.69 | $ 5,512.69 | $ 5,512.69 | $ 5,512.69 | $ 5,512.69 | $ 5,512.69 | $ 5,512.69 | $65,792 |
| Auto Costs | $ 2,108.91 | $ 2,256.53 | $ 2,256.53 | $ 2,256.53 | $ 2,256.53 | $ 2,256.53 | $ 2,256.53 | $ 2,256.53 | $ 2,256.53 | $ 2,256.53 | $ 2,256.53 | $ 2,256.53 | $26,931 |
| Bank Service Charges | $ 143.11 | $ 153.13 | $ 153.13 | $ 153.13 | $ 153.13 | $ 153.13 | $ 153.13 | $ 153.13 | $ 153.13 | $ 153.13 | $ 153.13 | $ 153.13 | $1,828 |
| Umpqua and SBA Loans | $ 3,456.00 | $ 3,456.00 | $ 3,456.00 | $ 3,456.00 | $ 3,456.00 | $ 3,456.00 | $ 3,456.00 | $ 3,456.00 | $ 3,456.00 | $ 3,456.00 | $ 3,456.00 | $ 3,456.00 | $1,828 |
| Business Licenses and Permits | $ - | $ - | $ 2,574.00 | $ - | $ - | $ 2,574.00 | $ - | $ - | $ 2,574.00 | $ - | $ - | $ 2,574.00 | $10,296 |
| Conferences, Dues, and Subscriptions | $ 858.68 | $ 918.78 | $ 918.78 | $ 918.78 | $ 918.78 | $ 918.78 | $ 918.78 | $ 918.78 | $ 918.78 | $ 918.78 | $ 918.78 | $ 918.78 | $10,965 |
| Consultant Fees | $ 801.43 | $ 857.53 | $ 857.53 | $ 857.53 | $ 857.53 | $ 857.53 | $ 857.53 | $ 857.53 | $ 857.53 | $ 857.53 | $ 857.53 | $ 857.53 | $10,234 |
| Employee Travel and Meals | $ 286.23 | $ 306.26 | $ 306.26 | $ 306.26 | $ 306.26 | $ 306.26 | $ 306.26 | $ 306.26 | $ 306.26 | $ 306.26 | $ 306.26 | $ 306.26 | $3,655 |
| Furniture & Fixtures | $ 114.49 | $ 122.50 | $ 122.50 | $ 122.50 | $ 122.50 | $ 122.50 | $ 122.50 | $ 122.50 | $ 122.50 | $ 122.50 | $ 122.50 | $ 122.50 | $1,462 |
| Insurance | $ - | $ - | $ 2,445.00 | $ - | $ - | $ 2,445.00 | $ - | $ - | $ 2,445.00 | $ - | $ - | $ 2,445.00 | $9,780 |
| IT Support | $ 1,946.33 | $ 2,082.57 | $ 2,082.57 | $ 2,082.57 | $ 2,082.57 | $ 2,082.57 | $ 2,082.57 | $ 2,082.57 | $ 2,082.57 | $ 2,082.57 | $ 2,082.57 | $ 2,082.57 | $24,855 |
| Legal Fees | $ 2,289.80 | $ 2,450.09 | $ 2,450.09 | $ 2,450.09 | $ 2,450.09 | $ 2,450.09 | $ 2,450.09 | $ 2,450.09 | $ 2,450.09 | $ 2,450.09 | $ 2,450.09 | $ 2,450.09 | $29,241 |
| Marketing | $ 2,289.80 | $ 2,450.09 | $ 2,450.09 | $ 2,450.09 | $ 2,450.09 | $ 2,450.09 | $ 2,450.09 | $ 2,450.09 | $ 2,450.09 | $ 2,450.09 | $ 2,450.09 | $ 2,450.09 | $29,241 |
| Maintenance and Repairs | $ 2,862.25 | $ 3,062.61 | $ 3,062.61 | $ 3,062.61 | $ 3,062.61 | $ 3,062.61 | $ 3,062.61 | $ 3,062.61 | $ 3,062.61 | $ 3,062.61 | $ 3,062.61 | $ 3,062.61 | $36,551 |
| Office Supplies & Expenses | $ 801.43 | $ 857.53 | $ 857.53 | $ 857.53 | $ 857.53 | $ 857.53 | $ 857.53 | $ 857.53 | $ 857.53 | $ 857.53 | $ 857.53 | $ 857.53 | $10,234 |
| Printing , Postage and Delivery | $ 114.49 | $ 122.50 | $ 122.50 | $ 122.50 | $ 122.50 | $ 122.50 | $ 122.50 | $ 122.50 | $ 122.50 | $ 122.50 | $ 122.50 | $ 122.50 | $1,462 |
| Professional Services | $ 1,373.88 | $ 1,470.05 | $ 1,470.05 | $ 1,470.05 | $ 1,470.05 | $ 1,470.05 | $ 1,470.05 | $ 1,470.05 | $ 1,470.05 | $ 1,470.05 | $ 1,470.05 | $ 1,470.05 | $17,544 |
| Property Taxes | $ - | $ - | $ 3,064.00 | $ - | $ - | $ 3,064.00 | $ - | $ - | $ 3,064.00 | $ - | $ - | $ 3,064.00 | $12,256 |
| Recruiting Expense | $ 1,144.90 | $ 1,225.04 | $ 1,225.04 | $ 1,225.04 | $ 1,225.04 | $ 1,225.04 | $ 1,225.04 | $ 1,225.04 | $ 1,225.04 | $ 1,225.04 | $ 1,225.04 | $ 1,225.04 | $14,620 |
| Rent or Lease | $ 30,468.08 | $ 32,600.84 | $ 32,600.84 | $ 32,600.84 | $ 32,600.84 | $ 32,600.84 | $ 32,600.84 | $ 32,600.84 | $ 32,600.84 | $ 32,600.84 | $ 32,600.84 | $ 32,600.84 | $389,077 |
| Software | $ 338.89 | $ 362.61 | $ 362.61 | $ 362.61 | $ 362.61 | $ 362.61 | $ 362.61 | $ 362.61 | $ 362.61 | $ 362.61 | $ 362.61 | $ 362.61 | $4,328 |
| Supplies | $ 572.45 | $ 612.52 | $ 612.52 | $ 612.52 | $ 612.52 | $ 612.52 | $ 612.52 | $ 612.52 | $ 612.52 | $ 612.52 | $ 612.52 | $ 612.52 | $7,310 |
| Utilities | $ 8,014.30 | $ 8,575.30 | $ 8,575.30 | $ 8,575.30 | $ 8,575.30 | $ 8,575.30 | $ 8,575.30 | $ 8,575.30 | $ 8,575.30 | $ 8,575.30 | $ 8,575.30 | $ 8,575.30 | $102,343 |
| **Total G&A** | **$ 65,137.49** | **$ 69,455.19** | **$ 77,538.19** | **$ 69,455.19** | **$ 69,455.19** | **$ 77,538.19** | **$ 69,455.19** | **$ 69,455.19** | **$ 77,538.19** | **$ 69,455.19** | **$ 69,455.19** | **$ 77,538.19** | **$861,477** |
| **Salaries** | | | | | | | | | | | | | |
| Total Salaries | $ 23,257.50 | $ 24,420.38 | $ 25,641.39 | $ 25,641.39 | $ 25,641.39 | $ 25,641.39 | $ 25,641.39 | $ 25,641.39 | $ 25,641.39 | $ 25,641.39 | $ 25,641.39 | $ 25,641.39 | $304,092 |
| Total Benefits | $ 6,133.00 | $ 6,133.00 | $ 6,133.00 | $ 6,133.00 | $ 6,133.00 | $ 6,133.00 | $ 6,133.00 | $ 6,133.00 | $ 6,133.00 | $ 6,133.00 | $ 6,133.00 | $ 6,133.00 | $73,596 |
| Total Payroll Taxes | $ 8,500.00 | $ 8,500.00 | $ 8,500.00 | $ 8,500.00 | $ 8,500.00 | $ 8,500.00 | $ 8,500.00 | $ 8,500.00 | $ 8,500.00 | $ 8,500.00 | $ 8,500.00 | $ 8,500.00 | $102,000 |
| Bonuses | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | |
| Commissions | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | |
| **Total Salaries & Commissions** | **$ 37,890.50** | **$ 39,053.38** | **$ 40,274.39** | **$ 40,274.39** | **$ 40,274.39** | **$ 40,274.39** | **$ 40,274.39** | **$ 40,274.39** | **$ 40,274.39** | **$ 40,274.39** | **$ 40,274.39** | **$ 40,274.39** | **$ 479,687.81** |
| **Total Operating Expenses** | **$ 103,027.99** | **$108,508.57** | **$117,812.59** | **$109,729.59** | **$109,729.59** | **#######** | **$ 109,729.59** | **$ 109,729.59** | **$ 117,812.59** | **$ 109,729.59** | **$ 109,729.59** | **$ 117,812.59** | **$ 1,341,164.41** |
| **EBITA** | **$ 2,838.68** | **$ (6,141.90)** | **$ (12,646.92)** | **$ (1,669.55)** | **1,323.63** | **$ (11,478.70)** | **$ (3,395.70)** | **$ 2,087.66** | **$ (1,287.81)** | **$ 11,738.09** | **$ 16,928.14** | **$ 6,665.32** | **4,960.96** |
| Other Income/Expenses | | | | | | | | | | | | | |
| Interest Income | $ 4.00 | $ 4.00 | $ 4.00 | $ 4.00 | $ 4.00 | $ 4.00 | $ 4.00 | $ 4.00 | $ 4.00 | $ 4.00 | $ 4.00 | $ 4.00 | $48 |
| Other Income | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | |
| Interest Expense | $ 41.00 | $ 41.00 | $ 41.00 | $ 41.00 | $ 41.00 | $ 41.00 | $ 41.00 | $ 41.00 | $ 41.00 | $ 41.00 | $ 41.00 | $ 41.00 | $492 |
| Bad Debt Expense | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | |
| Depreciation Expense | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | |
| Amortization | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | |
| **Total Interest, Depreciation & Am** | **$ 45.00** | **$ 45.00** | **$ 45.00** | **$ 45.00** | **$ 45.00** | **$ 45.00** | **$ 45.00** | **$ 45.00** | **$ 45.00** | **$ 45.00** | **$ 45.00** | **$ 45.00** | **$540** |
| **Net Income (Loss) Before Income Tax** | **2,793.68** | **$ (6,186.90)** | **$ (12,691.92)** | **$ (1,714.55)** | **1,278.63** | **$ (11,523.70)** | **$ (3,440.70)** | **2,042.66** | **$ (1,332.81)** | **11,693.09** | **16,883.14** | **6,620.32** | **4,420.96** |
| Taxes | | | | | | | | | | | | | |
| Income Taxes | | | | | | | | | | | | | $0 |
| **Net Income (Loss)** | **$ 2,793.68** | **$ (6,186.90)** | **$ (12,691.92)** | **$ (1,714.55)** | **$ 1,278.63** | **$ (11,523.70)** | **$ (3,440.70)** | **$ 2,042.66** | **$ (1,332.81)** | **$ 11,693.09** | **$ 16,883.14** | **$ 6,620.32** | **4,420.96** |

<u>Exhibit C - Definitions</u>

Unless expressly provided otherwise herein, the definitions contained in 11 USC §101 apply to this Plan. For the purposes of this Plan, the following terms shall have the respective meanings hereafter set forth:

<u>Administrative Claim</u>  means a claim allowed under 11 USC §503.

<u>Allowed Claim</u>  means a Claim (a) in respect of which a proof of claim has been filed with the Court within the applicable period of limitation fixed by Rules 3001 or 3003 or (b) scheduled in the list of creditors prepared and filed with the Court pursuant to Rule 1007(b) and not listed as disputed, contingent, or unliquidated as to amount, in either case as to which no objection to the allowance thereof has been interposed within any applicable period of limitation fixed by Rule 3001 or an order of the Court, or as to which any such objection has been determined by an order or judgment which is no longer subject to appeal and as to which no appeal is pending.

<u>Allowed Secured Claim</u>  means an Allowed Claim secured by a lien, security interest or other charge against, or interest in, property in which the Debtor has an interest, or which is subject to setoff under 11 USC §553, to the extent of the value (as set forth in this Plan, or if no amount is set forth or if an objection to this plan is filed, then as determined in accordance with 11 USC §506(a) of the interest of the holder of such Allowed Claim in the Debtor's interest in such property or to the extent of the amount subject to such setoff, as the case may be.

<u>Allowed Unsecured Claim</u>  means an Allowed Claim not secured by a lien, security interest or other charge against or interest in property in which the Debtor has an interest, or which is not subject to setoff under 11 USC §553.

<u>Case</u>  References to this Case are to this Case No. 24-11738-CMA in the Court.

<u>Claim</u>  means any right to payment, right to an equitable remedy, or cause of action, against the Debtor in existence on or as of the Petition Date, or relating to or arising out of events that occurred before the Petition Date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured or unsecured.

<u>Class</u>  means any class into which Claims are classified pursuant to the Plan.

<u>Confirmation Date</u>  means the date upon which the Order of Confirmation is entered by the Court.

<u>Confirmation Order</u> or <u>Order of Confirmation</u> means the order entered by the Court confirming the Plan in accordance with the provisions of Chapter 11 of the Code, unless such Order is subject to appeal, or as to which an appeal is pending; and with respect to which a stay has been entered which precludes implementation of the Plan.

<u>Court</u> or <u>Bankruptcy Court</u> means the United States Bankruptcy Court for the Western District of Washington, in which the Debtor's Chapter 11 case, pursuant to which the Plan is proposed, is pending, or such other court having jurisdiction of this bankruptcy proceeding.

<u>Debtor</u> or <u>Reorganized Debtor</u> means Mighty-O Corp.

<u>Disputed Claim</u>  means a Claim against the Debtor (a) which has been included in the Debtor's Schedules of Assets and Liabilities as disputed, contingent, or unliquidated, or (b) which is stated in this Plan or the accompanying disclosure statement as being disputed, or (c) as to which an objection has been filed and which objection is not the subject of a Final Order and has not been withdrawn.

<u>Effective Date</u>  shall mean the day after the appeal period expires from the Confirmation Order.

<u>Equity Interest</u> means ownership interests of the Debtor.

<u>Executory Contracts</u>  are those contracts which are executory contracts or unexpired leases within the meaning of 11 USC §365.

<u>Final Order</u> means an order or judgment entered by a court that has not been amended, modified or reversed, and as to which (1) no stay is in effect, (2) the time for seeking a hearing, file a notice of appeal or petition for certiorari has expired, (3) no appeal, request for stay, petition seeking certiorari, or other review has been timely filed and is pending, provided however that the possibility that a motion under 11 USC §502(j), Rule 59 or 60 of the Federal Rules of Civil Procedure, or analogous rule (whether state or federal) may be but has not been filed with respect to such order shall not cause such order not to be a Final Order.

<u>Holder</u> means a person or entity, legally or beneficially, holding a Claim or Equity Interest.

<u>Insider</u> carries the same definition as at 11 USC §101(31)(B) and includes, without limitation with respect to Debtor, a (i) director of the Debtor, (ii) officer of the Debtor, (iii) person in control of the Debtor, or (vi) relative of a general partner, director, officer, or person in control of the Debtor.

<u>Petition Date</u>  means July 14, 2024, the date on which Debtor filed the petition with the Court.

<u>Plan</u> means this Chapter 11 Plan, as amended in accordance with the terms hereof or modified in accordance with the Code.

<u>Plan Disbursement Account</u> means the account the Debtor will establish at Heritage Bank for depositing and disbursing Plan payments to creditors.

<u>Substantial Consummation</u>: has the meaning set forth in 11 USC §1101(2).

<u>Treatment</u> means the treatment, of the Holders of Claims or Equity Interests, as provided for in this Plan.

1    DAVID McALLISTER (SBN 37755)
2    JESSE A.P. BAKER (SBN 36077)
     **ALDRIDGE PITE, LLP**
3    The Ogden Building
     9311 SE 36th St, Ste 207
4    Mercer Island, WA 98040
     Telephone: (425) 644-6471
5    Facsimile:  (619) 590-1385

6    <u>**Mailing Address**</u>:
     3333 Caminio del Rio South, Suite 225
7    San Diego, CA 92108
     Telephone: (858) 750-7600
8    Facsimile:  (619) 590-1385

9    Attorneys for Secured Creditor:
10   UMPQUA BANK

Honorable Christopher M. Alston
Chapter: 11
Hearing Location:  Seattle
Hearing Date: 12/5/2024
Hearing Time:  9:30 AM
Response Date: 11/27/2024

**UNITED STATES BANKRUPTCY COURT**

**WESTERN DISTRICT OF WASHINGTON (SEATTLE)**

| | |
|---|---|
| In re | Case No: 24-11738-CMA |
| MIGHTY-O CORP | Chapter 11 (Sub V) |
| Debtor(s) and Debtor(s) in Possession. | **STIPULATION RE: NON-MATERIAL MODIFICATION TO DEBTOR'S SUB V CHAPTER 11 PLAN AS TO UMPQUA BANK'S CLASS 2 SECURED CLAIM** |
| | **Class 2** |
| | <u>**SUBJECT PROPERTY**</u>:<br>Debtor's Business Assets<br>UCC-1 Financing Statement |

The Stipulation Re: Non-Material Modification to Debtor's Sub V Chapter 11 Plan as to Umpqua Bank's Class 2 Secured Claim ("<u>Stipulation</u>") is entered into by and between Secured Creditor, Umpqua Bank (collectively, the "<u>Umpqua Bank"</u>), and Debtor, Mighty-O Corp. ("<u>Debtor</u>") by and through their respective attorneys' of record.

I.    <u>STATEMENT OF FACTS</u>

**A.    THE LOAN**

The Loan is evidenced by a U.S. Small Business Administration ("SBA") promissory note dated April 28, 2017, executed by Debtor in favor of Columbia State Bank ("<u>Lender</u>") in the

**Exhibit D**

principal sum of $349,000 (the "Note").  (*See, Claim No.3-1*)

To secure Note, the Debtor executed a Commercial Security Agreement dated April 28, 2017 (the "Security Agreement"), granting Lender a security interest in personal property including, but not limited to all inventory, equipment, accounts, instruments, fixtures, and general intangibles (hereinafter, the "Collateral"), as more fully set forth within the Security Agreement. (*See, Claim No.3-1*).

Lender perfected its security interest in the Collateral by filing a UCC-1 Financing Statement (the "UCC-1") on May 9, 2017, as File Number 2017-129-8466-8.  (*See, Claim No.3-1*).  On February 28, 2022, Lender filed a UCC Financing Continuation Statement as File Number 2022-059-0434-7 (the "Continuation Statement") (*Id*)

Subsequently, the Debtor and Lender executed a Change In Terms Agreement dated April 10, 2020 (the "CIT"), that provided for a temporary deferment of the Debtor's May 2020 through June 2020 payments under the Note.  (*See, Claim No.3-1*).  The Note, Security Agreement, UCC-1, and CIT may be referred to collectively herein as the "Loan."

Effective March 1, 2013, Lender merged with and into Umpqua Bank.  (*See, Claim No.3-1*).

**B.    DEBTOR'S CHAPTER 11 BANKRUPTCY CASE**

On July 14, 2024 (the "Petition Date"), Debtor filed the instant bankruptcy petition under Subchapter V of Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Western District of Washington, Seattle Division, and was assigned Case No. 24-11738-CMA.  (*See*, Dkt. No.1).

Umpqua Bank filed a Proof of Claim against the Debtor's estate for $118,756.95 secured by the Property with prepetition arrears of $0.00.  (*See, Claim No.3-1*).

On October 15, 2024, Debtor filed its Sub V Chapter 11 Plan of Reorganization with the Court.  (*See, Dkt. No.67)*.  Umpqua Bank's Claim is identified as a Class 2 Impaired Secured Claim as to the Collateral in the allowed amount of $110,000, plus reasonable attorneys' fees and costs, to accrue interest at 8% per annum over seven (7) years with monthly payments of $1,715.00 per month.  (*Id*).

On October 17, 2024, the Court entered an Order Setting Confirmation Hearing an Related Deadlines whereby the confirmation hearing on the Debtor's Plan was scheduled for December 5, 2024, at 9:30 a.m. in the above-entitled Court and the deadline to submit ballots regarding the Plan and to file objections to confirmation of the plan was set for no later than November 27, 2024. (*See*, Dkt. No.68).

The parties have met and conferred regarding the Debtor's Plan, and desire to resolve any possible objection thereto by this Stipulation.

**IT IS HEREBY STIPULATED**:

1.    <u>Class 2 Secured Claim</u>.  Umpqua Bank shall have an allowed, fully secured claim against the Collateral in the amount of $125,412.97 consisting of the principal loan balance of $103,143.92, interest in the sum of $169.05, inspection fees of $1260 and reasonable attorney's fees in the sum of $20,840 to be amortized over 84 months at a fixed rate of 8% interest per annum ("<u>Secured Claim</u>").

2.    <u>Contractual Payments</u>.  Debtor shall tender regular monthly contractual payments of principal and interest to Umpqua Bank on the fifth day of each month for the Secured Claim commencing January 5, 2025, and continuing on the fifth day of each month thereafter until December 5, 2032, when all outstanding amounts owed on the Secured Claim as required per the terms and provisions of this Stipulation and Loan Documents shall be paid in full.  The amount of the monthly payment shall be $1,954.71, and payments shall be automatically withdrawn by Umpqua Bank from the Debtor's bank account.

3.    <u>Insurance on the Business Assets</u>.  Debtor agrees to maintain commercially appropriate insurance on all its Collateral subject to Umpqua Bank's Secured Claim that also identifies Umpqua Bank an additional loss payee, and provide Umpqua Bank or its counsel with proof of such insurance upon written request.

4.    Except as otherwise expressly provided herein, all remaining terms of the Loan documents, which are incorporated herein by this reference, shall govern the treatment of Umpqua Bank's Secured Claim.

/././

5. <u>Post-Confirmation Default</u>. In the event Debtor obtains a consensual Confirmation pursuant to 11 U.S.C. § 1191(a), the automatic stay shall terminate under §362(c)(2)(C) and Umpqua Bank may provide Debtor notice of any default in accordance with the Loan documents and applicable state law and/or proceed with its remedies as to the Collateral under the terms of the Loan documents and applicable state law without further notice, order, or proceeding of this Court.   In the event Debtor obtains a Confirmation under §1191(b), and prior to either closing of the Debtor's Chapter 11 Case, or entry of Discharge, whichever occurs first, Umpqua Bank agrees to provide Debtor and Debtor's counsel with written notice of default, and provide the Debtor with thirty calendar days from the date on the written notice to cure the default.  If Debtor fails to cure the default within thirty days, then Umpqua Bank shall be entitled to  proceed with its remedies as to the Collateral under the terms of the Loan documents and applicable state law without further notice, order, or proceeding of this Court.

6. Any forbearance by Umpqua Bank in exercising any right or remedy, including, without limitation, accepting payments from third persons, entities or successors in interest to Debtor, or in amounts less than the amount due shall not be a waiver of or preclude Umpqua Bank exercise of any right or remedy under this Stipulation or the Loan.  The acceptance by Umpqua Bank of a late or partial payment shall not act as a waiver of its right to proceed hereunder or under the Loan documents.

7. The Debtor reviewed and has no objection to Umpqua Bank's Proof of Claim, and Umpqua Bank's Claim is not disputed as to validity, priority, and/or extent, and Debtor shall not seek to subordinate Umpqua Bank's Secured Claim in anyway.

8. <u>Personal Guarantee/Release or Injunction</u>.  The Debtor, including its officers, principals, and shareholders, acknowledge that the personal guarantee of Ryan B. Kellner executed in connection with and as consideration for the pre-petition Loan remains in full force and effect and Umpqua Bank's rights and remedies thereunder are reserved and not impacted by the Debtor's Plan. Further, any release and/or injunctive provision in the Debtor's Plan shall not apply or impair Umpqua Bank's rights as to the personal guaranty obligation.

/././

9. Debtor shall attach a copy of this Stipulation to any subsequent Chapter 11 Plan filed in this case (including, but not limited to, any amended or modified Chapter 11 Plan that may be attached to any Confirmation Order), or the Confirmation Order on Debtor's Plan, as an exhibit, and said Plan or Confirmation Order shall expressly and fully incorporate the terms and provisions of this Stipulation therein by reference. Counsel for Debtor agrees to allow counsel for Umpqua Bank review and approve any subsequent Chapter 11 Plan and/or Confirmation Order prior to filing the same with the Court in order to ensure compliance herewith. In the event of a conflict between a provision of Debtor's Plan as to the treatment of Umpqua Bank's Secured Claim and this Stipulation, the Stipulation shall control. Further, the terms and provisions of this Stipulation may not be modified, altered, or changed by any subsequent Chapter 11 Plan without the express written consent of Umpqua Bank, or upon noticed hearing with the Court.

10. In the event the Debtor's case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code, Umpqua Bank shall retain its liens in the full as to the respective Loan, the Loan shall revert to its pre-confirmation terms and amounts, with any payments received hereunder applied per the pre-confirmation contractual terms.

11. In exchange for the forgoing, Umpqua Bank shall provide a ballot voting in favor of the Debtor's Sub V Chapter 11 Plan of Reorganization for the Class 2 Secured Claim.

Approved as to form and content:

Dated: December 11, 2024          LAW OFFICES OF JAMES E. DICKMEYER, P.C.

By: /s/ James E. Dickmeyer
     JAMES E. DICKMEYER (SBN 14318)
     Attorneys for Debtor

Dated: December 18, 2024          ALDRIDGE PITE, LLP

By:/s/ David E. McAllister
     DAVID McALLISTER (SBN 37755)
     Attorneys for Umpqua Bank